Filed 10/20/21  Duncan v. Kihagi CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DALE DUNCAN et al.,<br><br>        Plaintiffs and Respondents,<br>v.<br>ANNE KIHAGI et al.,<br><br>        Defendants and Appellants. | A158273<br><br>(City and County of San Francisco  Super. Ct.<br>No. CGC-15-545655) |

        This is the third appeal arising out of respondents' tenant-harassment and wrongful-eviction action against appellants Anne Kihagi, Christina Mwangi, and Zoriall LLC.  This court previously affirmed a jury verdict against appellants that found them liable (*Duncan v. Kihagi* (2021) 68 Cal.App.5th 519 (*Duncan I*), and appellants did not petition our Supreme Court for review.  Around two months later, we affirmed the award of attorney fees.  (*Duncan v. Kihagi* (Oct. 6, 2021, A154678) (*Duncan II*) [nonpub. opn.].)

        This appeal is from two post-trial orders related to stays of enforcement of the judgment pending appeal.  Specifically, appellants challenge an "Order on Judgment Debtors' Motion for Specification of Reasons" and an "Order Sustaining Judgment Creditors' Objection per Notice of Motion in Support of Objection and Objection to the Form, Substance, and Amount, and

1

Sufficiency Thereof, of the Judgment Debtors' Undertaking Served June 10, 2019." Respondents Dale Duncan and Marta Munoz Mendoza argued—in briefing that predated the filing of *Duncan I* and *Duncan II*—that the appeal should be dismissed as moot because "[c]ertainly the main appeal will be decided and concluded before any further proceedings in the court below related to the undertakings at issue[] could be completed after remand on this instant appeal." In their reply brief, appellants argued the appeal was not moot because, among other reasons, "no decision on the merits has been made on any of the three appeals" that were then pending.

After the issuance *Duncan I* and *Duncan II*, the court wrote to the parties stating it was inclined to dismiss the appeal as moot, and provided them an opportunity to file objections. No response was filed by the deadline.

We agree with respondents that there is no effective relief that can be granted respondents and the appeal is moot. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) We see no issue of broad public interest that is likely to recur and thus decline to exercise our inherent discretion to resolve the issues presented. (Cf. *In re William M.* (1970) 3 Cal.3d 16, 23.) As respondents put it, appellants "have successfully 'r[u]n out the clock[,'] and they have kept respondents from collecting on the judgment during appellants' primary appeal. . . . [A]s such, there is no need for the relief appellants request."

The appeal is dismissed as moot. Respondents shall recover their costs on appeal.

_____

Humes, P. J.


WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


_Duncan et al. v. Kihagi et al._  (A158273)


3